UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIMBERLY C. SPLOND, | Case No. 2:13-cv-00805-MMD-PAL |
| Plaintiff, | ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendants. | |

Before the Court is Plaintiff's attorney's motion for an award of attorney's fees ("Motion"). (Dkt. no. 12.) The Motion requests fees pursuant to 42 U.S.C. § 406(b) and under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Court granted the parties' stipulation to award attorney's fees in the amount of $7,500.00 under the EAJA. (Dkt. no. 24.) The remaining issue presented in the Motion is counsel's request for fees pursuant to 42 U.S.C. § 406(b). While the Commissioner responds to the Motion, it declines to take a position as to the reasonableness of the fees requested. (Dkt no. 18.)

On May 7, 2013, Plaintiff filed her Complaint seeking judicial review of a final denial of her application for disability benefits under the Social Security Act. (Dkt. no. 1.) The Commissioner did not file a response. Instead, the parties resolved this dispute by way of stipulation to remand and for subsequent entry of judgment. (Dkt. nos. 6, 9.) On remand, the Commissioner granted Plaintiff's application for benefits and notified her that twenty-five percent (25%) of past dues benefits (which amounts to $10,971.25)

1

would be withheld to pay approved attorney's fees. (Dkt. no. 12-2 at 3.) Plaintiff's counsel clarified in his reply brief that he is seeking this amount of twenty-five percent (25%) of past due benefits as his fees as provided for under his contingency fee agreement with Plaintiff and pursuant to 42 U.S.C. § 406(b). (Dkt. no. 20.)

As the Supreme Court has found, the statutory scheme established under the Social Security Act "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Because the Motion seeks fees in connection with Plaintiff's representation in the case, the Court will address the Motion under section 406(b).

Section 406(b)(1)(A) provides, in pertinent part, that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee [to claimant's counsel] for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht,* the Supreme Court clarified that courts must respect "the primacy of the lawful attorney-client fee agreements." *Gisbrecht*, 535 U.S. at 793. Where, as here, the claimant and her counsel have entered into a contingency-fee agreement, courts must "review for reasonableness fees yielded by those agreements." *Id.* at 809. "Performance of that duty must begin, under *Gisbrecht* with the fee agreement, and the question is whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Crawford v. Astrue,* 586 F.3d 1142, 1149 (9th Cir. 2009). A district may reduce a fee resulting from a contingency-fee agreement on reasonableness ground "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (internal quotation marks and citation omitted.) The attorney requesting the fees bears the burden of establishing the reasonableness of the fees sought. *Id.*

Counsel requests the full twenty-five percent of the past-due benefits owing to Plaintiff per the parties' contingency-fee agreement. However, the Court finds that it cannot grant the fee under the parties' contingency-fee agreement for two reasons. First, counsel has failed to carry his burden of demonstrating that the fee provided for under the contingency-fee agreement is reasonable. In fact, the Motion primarily addresses the request for EAJA fees, with a brief mention of the fees under section 406(b). Second, the benefits here seem disproportionate to the time counsel spent on the case. Counsel submitted his time in Exhibit III to show that he spent a total of 46.8 hours. (Dkt. no 12-7.) However, Exhibit III shows that a substantial amount of time involved services in connection with the administrative proceedings following remand, and not the proceedings before this Court. Of the 46.8 hours identified in Exhibit III, only 13.8 hours involved services rendered in this case.[1] Counsel's representation of Plaintiff in this case involved the filing of the Complaint, and various stipulations for remand, to reopen the case and for extensions. The Court thus finds that the fee resulting from the contingency-fee agreement is unreasonable and should be reduced by forty percent, resulting in the amount of $6,582.75.

It is therefore ordered that Plaintiff's attorney's motion for an award of attorney's fees (dkt. no. 12) is granted in that counsel is awarded $6,582.75 in fees under 42 U.S.C. § 406(b).

DATED THIS 19th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Exhibit III shows the following entries relate to services performed in connection with the proceedings before the Court: entries from April 18, 2013 to September 4, 2013 (totaling 12.9 hours); and entries from October 28, 2014 to November 4, 2014 (totaling .90 hours). (Dkt. no. 12-7.)